WILLIAM C. BUSCH AND PETER LANE v. JOHN S. KILBORNE.

*Evidence of a log scale.*

A witness can testify to facts though not qualified to give an opinion as an expert. An unprofessional log-scaler, therefore, can testify to his own scale. The weight of his evidence is settled by the jury.

Where the vendor and purchaser of logs have agreed in writing to scale them jointly, the joint scale binds both; and if, without bad faith, logs scaled by one party in the other's absence, become mingled with the rest, the loss of the original joint scale cannot make a third person's scale of the whole drive, evidence of the quantity or quality of that part of it which had been scaled jointly.

Error to Tuscola. Submitted Jan. 16. Decided Jan. 28.

ASSUMPSIT for the value of logs sold by Kilborne to Busch. Defendants bring error.

*John A. Edget* for plaintiff in error. Where logs are sold according to a joint-scale, the scale must control, in the absence of fraud or mistake (*Perkins v. Hoyt*, 35 Mich., 506; *Ortman v. Green*, 26 Mich., 213), and the parties are estopped from disputing it, *Davis v. Bush*, 28 Mich., 432; *Joyce v. Williams*, 26 Mich., 332; and if any of the logs are scaled by a different method and paid for accordingly, the vendor cannot retain the money and repudiate the scale, *Hammond v. Buckmaster*, 22 Vt., 375; *Chance v. Com'rs*, 5 Blackf., 441.

*E. H. Taylor* and *Black, Edson & Quinn* for defendant in error. The degree of a witness' knowledge is a question of fact for the jury, and affects the weight rather than the admissibility of his testimony, *D. & M. R. R. Co. v. Van Steinburg*, 17 Mich., 104; *Beaubien v. Cicotte*, 12 Mich., 459; *Vinton v. Peck*, 14 Mich., 287; *Reynolds v. Shanks*, 23 Wis., 307; *Creed v. Hartman*, 8 Bosw., 123.

MARSTON, J.    Kilborne, who was plaintiff below, sold certain logs to Busch.    The agreement was in writing and contained a provision that the logs were to be scaled and agreed upon by the parties.    Kilborne and Busch, on four different occasions, met and scaled some of the logs, and made a memorandum of the quantity and quality thus scaled, which was satisfactory to both parties, and the logs so scaled were marked with Busch's mark.    Afterwards Busch went to scale some more of the logs, and Kilborne not appearing to assist as before, he went on and scaled in the neighborhood of six thousand, which were put in the river and became mixed with those previously scaled by the parties.

Kilborne being dissatisfied with this last scale, or for some other reason, employed one Hoffman to make a scale of the logs.    Hoffman went on, and in the absence of the defendants, and without their knowledge or consent, made a scale of all the logs, as well those previously scaled by Busch and Kilborne jointly and agreed to, as those afterwards scaled by Busch alone.

The memorandum made by Busch and Kilborne of the logs scaled and agreed to by them was kept by Busch, and was by him lost with other papers, but from a copy or statement which he had made therefrom and sent to his office in Saginaw he was able to testify to the quantity and quality of the logs scaled.

On the trial it was claimed that because and on account of the loss of this memorandum, and because that Busch had, when Kilborne was not present, scaled some logs, which had become mixed with those previously scaled by Busch and Kilborne, it became and was necessary to prove the entire quantity and quality of logs sold and delivered, according to the scale made by Hoffman, who was called and testified to the scale as made by him.    His testimony was objected to because it did not appear that he was an expert in that business.    It did appear that he had previously scaled logs, but as he was.

called upon to state facts and not opinions merely, he was competent, and his inexperience and want of the necessary qualifications could be considered by the jury in determining the weight which should be given to his testimony.

The court charged the jury that the scale made by plaintiff and Busch when together would be binding upon both parties; that "the scale bill of the logs that were scaled by the parties together and those that Busch scaled alone, Busch testifies is lost, so that the jury must, in order to determine the amount of the logs delivered, consider the testimony of the plaintiff and Busch and Hoffman, and all the other evidence in the case tending to show that fact." And the court declined to charge that if they found a joint scale to have been made, then they should determine the quantity so scaled and adopt that as the amount of logs actually sold and delivered up to such last joint scale, and to that amount add the actual amount subsequently scaled by Busch. In this we are of opinion the court erred. The quantity agreed upon according to the scale made by the parties jointly was binding upon both, and the fact that the scale bill thereof was lost could not affect the right of either, except in so far as it might render the question as to quantity and quality of the logs thus scaled more difficult of proof. The loss of the scale bill could not give the plaintiff the right to call upon Hoffman, or any other person, and substitute his judgment as to the quantity and quality of the logs so sold and delivered, in lieu of what had previously been agreed upon.

In so far as the quantity and quality of the logs jointly scaled were in dispute, Hoffman could throw no light upon that question. His scale might show the entire quantity of logs put in by plaintiff and sold to defendants, but it would not show or in any way tend to show the quantity or quality of the logs agreed upon by the joint scale of the parties themselves. The logs were of very poor quality, cut from dead timber, killed several

years previously by the fire, and injured by borers. Allowance had to be made for these defects. What allowances were made and agreed to by the parties Hoffman did not know, and under the undisputed facts had no means of ascertaining.

Neither could the fact that Busch had scaled a portion of the logs when plaintiff was not present, which had become commingled with those previously scaled, change the rights of the parties in this respect. It does not appear that Busch had acted in bad faith or that there was a fraudulent admixture caused by him, if that could make any difference, even had the logs become mixed with those previously scaled, without having been scaled by Busch at all. Yet the plaintiff would not be wholly left without proof as to the quantity and quality of such logs. True the proof might not be quite so satisfactory as an actual scale would be, but if the logs had become so mixed that this last lot could not be separated and scaled, then resort must be had to other means to ascertain the quantity thereof, and this could not be done in the manner attempted by Hoffman, and as the court instructed the jury.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.